FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAR 20 PM 3:34

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BELINDA LEE,

   Plaintiff,

vs.

CASE NO.: 6:17-cv-499-ORL-31-KRS

EMAI, INC., AND HUONG, HO,
INDIVIDUALLY,

   Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, BELINDA LEE, by and through the undersigned attorney, and sues the Defendants, EMAI, INC., a Florida Corporation, and HUONG, HO, Individually, and alleges:

1. Plaintiff, BELINDA LEE, was an employee of Defendants and brings this action for unpaid minimum wage compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendants in Brevard County, Florida within the last three years.

3. Plaintiff, BELINDA LEE, worked for Defendants from approximately March 2016 to July 2016.

4. Plaintiff, BELINDA LEE, was a commission paid, plus tips, nail technician and facial specialist.

5. At all times relevant to this cause of action, Defendant misclassified

1

Plaintiff, BELINDA LEE, as an independent contractor.

6. Defendant, EMAI, INC., operates a nail salon providing manicures, pedicures, facial treatments, massages and other general nail salon services.

7. Defendant, EMAI, INC., is a Florida Corporation that operates and conducts business, among others, in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

8. At all times relevant to this action, HUONG, HO is an individual resident of the State of Florida, who owned and operated EMAI, INC., and who regularly exercised the authority to: (a) hire and fire employees of EMAI, INC.; (b) determine the work schedules for the employees of EMAI, INC., and (c) control the finances and operations of EMAI, INC. By virtue of having regularly exercised that authority on behalf of EMAI, INC., HUONG, HO is an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

11. During Plaintiff's employment with Defendants, Defendant, EMAI, INC., earned more than $500,000 per year in gross sales.

12. Defendants employed 10-15 employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, EMAI, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, nail polish, massage oils, nail files, soaps, and other items used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, EMAI, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

15. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff as well as to ensure that Plaintiff was paid the proper minimum wage for all hours worked.

16. During her employment with Defendants, Plaintiff was not paid the minimum wage for all hours worked.

17. Specifically, Defendants provided commission compensation to Plaintiff that was less than the minimum wage ($8.05 per hour) when calculating the number of hours worked during each workweek.

18. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete minimum wages as described above.

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts owed to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff is/was entitled under the FLSA to be paid minimum wage for each hour worked during her employment with Defendants.

22. During her employment with Defendants, Plaintiff was not paid complete minimum wages.

23. Specifically, Plaintiff routinely worked ten (10) hour shifts, six (6) days a week. Plaintiff's compensation was less than the minimum wage when factoring in her commission plus tips against the total hours worked each week.

24. Defendants willfully failed to pay Plaintiff the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

25. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

26. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BELINDA LEE demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and

appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

29. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Plaintiff was on a commission, plus tips, compensation schedule.

32. Plaintiff routinely worked in excess of forty (40) hours a week without any overtime compensation.

33. Plaintiff regular rate of pay did not exceed one and one-half times the minimum wage for every hour worked in a workweek in which overtime hours are worked. Therefore, Plaintiff was not exempt under the Commissions exemption test.

34. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

35. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BELINDA LEE demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:    (407) 867-4791
Email:         mgunter@forthepeople.com
Attorneys for Plaintiff